USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: June 18, 2021

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JIANHU YI, et al.,                  :
                                    :
                   Plaintiffs,      :   21 Civ. 2669 (VM)
                                    :
     - against -                    :   DECISION AND ORDER
                                    :
GTV MEDIA GROUP INC., et al.,       :
                                    :
                   Defendants.      :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiffs Jianhu Yi ("Yi") and Quiju Jia ("Jia," and with Yi, "Plaintiffs") bring the instant action against GTV Media Group Inc. ("GTV"), Saraca Media Group Inc. ("Saraca"), and Wengui Guo ("Guo," and with GTV and Saraca, "Defendants"). Plaintiffs allege violations of Sections 5 and 12(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e, 77l(a)(1) ("Count One"); Section 15 of the Securities Act, id. § 77o ("Count Two"); and Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o ("Count Three") stemming from the sale of unregistered securities by an unregistered broker-dealer. (See "Complaint," Dkt. No. 5.)

Now before the Court is a premotion letter submitted by Guo regarding his anticipated motion to dismiss. (See the "May 18 Letter," Dkt. No. 21.) The Court also received a letter response from Plaintiffs (see the "May 24 Letter,"

1

Dkt. No. 24), and a reply letter from Guo (see the "May 27 Reply Letter," Dkt. No. 25). The Court construes Guo's letters as a motion to dismiss the claims against him raised in the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

A. FACTS[2]

On April 17, 2020, Guo established GTV, a Delaware corporation. Guo envisioned GTV to be a video-streaming social-media platform for user-generated political content. Plaintiffs allege that Guo controls GTV and its parent company, Saraca. Shortly thereafter, Guo, along with GTV and Saraca, began to solicit investors to invest in GTV by purchasing company stock. Defendants also solicited investors to invest in a virtual currency or digital asset called G Coins. The securities were not registered pursuant to the Securities Act, nor were they subject to exemption from

---

[1] See Kapitalforeningen Lægernes Invest. v. United Techs. Corp., 779 F. App'x 69, 70 (2d Cir. 2019) (affirming the district court ruling deeming an exchange of letters as a motion to dismiss).

[2] The relevant factual background below, except as otherwise noted, derives from the Complaint and the facts pleaded therein, which the Court accepts as true for the purposes of ruling on a motion to dismiss. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 180 (2d Cir. 2008) (citing GICC Capital Corp. v. Tech. Fin. Grp., Inc., 67 F.3d 463, 465 (2d Cir. 1995)); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Except when specifically quoted, no further citation will be made to the Complaint.

registration. None of the Defendants were registered as brokers or dealers under the Exchange Act, nor were they subject to exemption from registration.

Guo began promoting an investment in GTV on April 9, 2020 when he posted a video to YouTube in which he "touted GTV as an investment." (Complaint ¶ 26.) On April 20, 2020, Guo similarly recorded and disseminated a video on the internet giving instructions to potential "private placement investors" on investing in GTV. (Id. ¶ 28.) In the April 20 video, Guo identified the individuals who would be directors of the company. The next day, Guo posted this video to YouTube. Along with the video, Guo posted a link to download various GTV investment documents, including a subscription agreement. Plaintiffs further contend that between April 11, 2020 and May 9, 2020, Guo made numerous recorded video presentations soliciting investors for the GTV investment, as well as touting G Coin. On May 13, 2020, GNews, a website connected to GTV that is under Guo's control, published an article encouraging investment in GTV. On June 2, 2020, Guo posted a video announcing that by the end of "private placement," he had successfully raised hundreds of millions of dollars. Guo continued to solicit more investors, however, through at least one more video and another written article in June and July of 2020.

Plaintiffs are a husband and wife. Yi signed a Subscription Agreement for GTV stock in May 2020 after being solicited by Guo. Plaintiffs wired a total of $180,000 to Saraca, which is the parent company of GTV and the designated recipient of investment funds. Plaintiffs also wired Saraca a total of $30,000 for the virtual currency G Coin. Plaintiffs now claim that Defendants are jointly and severally liable for this $210,000, along with 8% interest dating from May 2020, and attorneys' fees.

B.  THE PARTIES' ARGUMENTS

Guo makes the following arguments. As to Count One, Guo argues that there are no allegations that he was motivated by a desire to service his financial interests or that he solicited Plaintiffs' purchase as required by the statute. As to Count Two, which alleges control person liability, Guo contends that Plaintiffs have only made a formulaic recitation of the definition of control without making any nonconclusory allegations to suggest that Guo did in fact control GTV or Saraca. As to Count Three, Guo argues that Section 15 of the Exchange Act does not provide a private right of action under which Plaintiffs may sue.

Plaintiffs argue that Count One has been sufficiently alleged because there are numerous allegations as to Guo's conduct in soliciting investors and that Guo's motivation may

4

be reasonably inferred. Plaintiffs next assert that control person liability is a fact-intensive inquiry not properly resolved upon a motion to dismiss. Plaintiffs further argue that the allegations of Guo's creation of GTV and his solicitation efforts demonstrate control. Finally, Plaintiffs contend that private parties may sue for recission under the Exchange Act.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint should be dismissed if the plaintiff has not offered factual allegations sufficient to render the claims facially plausible. See id. However, a court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In resolving a Rule 12(b)(6) motion, the Court's task is "to assess the legal feasibility of the complaint, not to

5

assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig., 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks omitted), aff'd sub nom. Tenney v. Credit Suisse First Bos. Corp., No. 05 Civ. 3430, 2006 WL 1423785 (2d Cir. May 19, 2006). In this context, the Court must draw reasonable inferences in favor of the nonmoving party. See Chambers v. TimeWarner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, the requirement that a court accept the factual allegations in the complaint as true does not extend to legal conclusions. See Iqbal, 556 U.S. at 678.

### III. **DISCUSSION**

The Court grants Guo's motion to dismiss in part and denies the motion in part. Specifically, the Court is not persuaded that the allegations supporting Guo's liability under Count One are deficient. However, the Court agrees that Plaintiffs' allegations for control person liability under Count Two are conclusory and that Section 15 of the Exchange Act does not provide a private right of action. Therefore, Counts Two and Three are dismissed without prejudice.

A. COUNT ONE

Under Section 12(a) of the Securities Act, an individual may be liable if he "successfully solicits the purchase of securities, so long as he is motivated at least in part by a

desire to serve his own financial interests or those of the securities owner." Pinter v. Dahl, 486 U.S. 622, 643 (1988). Guo argues that the allegations underlying Count One are insufficient because none of the allegations suggest that he was motivated by a desire to serve his own financial interests. The Court is not persuaded.

Plaintiffs have alleged that Guo created GTV and took extensive efforts to promote the investment, including by posting videos and documents related to investment in GTV and G Coins. A media outlet controlled by Guo also advertised the investment. These allegations are sufficient to support Guo's personal liability under Section 12. See Balestra v. ATBCOIN LLC, 380 F. Supp. 3d 340, 358 (S.D.N.Y. 2019) (relying on the facts that the defendants were co-founders of the company selling securities and were personally involved in publicizing the investment, including through promotional videos and interviews, to find that personal liability was plausibly alleged).

It is true, as Guo argues, that in Balestra, the court noted that "because [the co-founder defendants] are the sole members and officers of [the company selling securities], they stood to directly benefit from those sales" and thereby were motivated, at least in part, by their own financial interests. Id. (citations omitted). Here, there are no

allegations that Guo was the sole member or officer of GTV or Saraca. But other of Plaintiffs' allegations give rise to a reasonable inference that Guo was acting either to "serve his own financial interests or those of the securities' owner," that is, GTV. See Pinter, 486 U.S. at 643. For instance, Guo's status as a co-founder and apparent spokesman of GTV makes reasonable an inference that he was acting for the benefit of GTV, if not himself. In addition, Guo announced that he had successfully raised hundreds of millions of dollars as a result of the "private placement" investment. This further suggests that Guo's actions were motivated, at least partially, by a desire to serve GTV's financial interests, as the investment money raised would presumably benefit GTV. In other cases, subsidiary companies whose parent companies owned the securities at issue have nonetheless been deemed to have acted with a motivation to serve the financial interests of themselves or the securities' owner when they solicited the sale of the securities. See, e.g, In re Am. Bank Note Holographics, Inc. Sec. Litig., 93 F. Supp. 2d 424, 439 (S.D.N.Y. 2000). Likewise, parent companies who solicited the sale of securities owned by a subsidiary have been subject to Section 12(a)(2) liability. Id. Analogously, Guo's status as co-founder and spokesman, in combination with his statements regarding his successful solicitation efforts, is sufficient

8

to support a finding that he acted with the requisite financial intent, particularly in light of the lenient standard applied at the motion-to-dismiss stage.

To the extent Guo challenges whether Plaintiffs have adequately alleged his successful solicitation of their purchases, the Court rejects this challenge. Plaintiffs have outlined numerous actions Guo took in promoting the investment, and they have further alleged that it was after being solicited by Guo in this manner that they invested in GTV and G Coins. Nothing more is required. See Balestra, 380 F. Supp. 3d at 358 ("These promotional statements trumpeting the potential of the ATB Coin and the ongoing opportunity to invest in the ATB ICO . . . clearly reflect both Ng's and Hoover's efforts to solicit the sale of ATB Coins."). For these reasons, dismissal of Count One is inappropriate at this stage.

B. COUNT TWO

Section 15(a) of the Securities Act provides than an individual "who controls any person liable under [§ 12 of the Act] shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable." 15 U.S.C. § 77o(a). "In order to state a claim for control person liability under section 15 of the Securities Act, a plaintiff must allege (a)

a primary violation by a controlled person, and (b) control by the defendant of the primary violator." In re Scottish Re Grp. Sec. Litig., 524 F. Supp. 2d 370, 287 (S.D.N.Y. 2007) (internal quotation marks omitted). Control for purposes of Section 15(a) is defined as "the power to direct or cause the direction of the management and policies of the primary violators, whether through the ownership of voting securities, by contract, or otherwise." In re Lehman Bros. Mortg.-Backed Sec. Litig., 650 F.3d 167, 185 (2d Cir. 2011) (internal quotation marks omitted).

Guo argues that the allegations supporting control person liability are deficient because the Complaint merely restates the Second Circuit's definition of control without providing allegations to demonstrate Guo's control. The Court agrees.

Plaintiffs have made only conclusory allegations to suggest that Guo controlled GTV or Saraca. For example, though the Complaint states that "Defendant Guo controls [Saraca] and GTV," Guo is not alleged to be an officer or director of GTV or Saraca. (Complaint ¶ 22.) Elsewhere, the Complaint conclusorily states that Guo "possesses, directly or indirectly, the power to direct or cause the direction of the management and policies of [Saraca] and GTV, through the ownership of voting securities, by contract, subscription

10

agreement, or otherwise." (Id. ¶ 63.) Simply reiterating the definition of control, without facts demonstrating whether this definition has been met, is insufficient. See, e.g., Maleh v. United Collection Bureau, Inc., 287 F. Supp. 3d 265, 271 (E.D.N.Y. 2018) (noting that conclusory statements that merely "regurgitate the statutory definition" of an element without pleading any facts is inadequate pleading).

Plaintiffs' arguments to the contrary are unavailing. Plaintiffs contend that dismissal of Count Two at this stage is inappropriate because control person liability is a fact-intensive inquiry. That may be true, but labeling an issue as fact intensive does not immunize Plaintiffs from the requirement that a complaint must include plausible "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Plaintiffs also argue that the facts that Guo conceived of and incorporated GTV, was the primary spokesman and solicitor of investors, and claimed responsibility for raising large sums of money from "private placement" investors all support their claim of control person liability. But while these facts may show that Guo aided the defendant entities and culpably participated in violation of securities laws, none of these facts shows that

11

Guo *controlled* the defendant entities as required for control person liability. Therefore, Count Two is dismissed.

C.   COUNT THREE

As to Plaintiffs' Exchange Act claim, Guo argues that Section 15 of the Exchange Act does not provide a private right of action. Plaintiffs seemingly concede that there is no private right of action for damages under Section 15 of the Exchange Act, but Plaintiffs argue that a claim for rescission may be brought by a private individual.

The Court concludes that Count Three must be dismissed because Section 15 of the Exchange Act "provides no private right of action." EMA Fin., LLC v. Vystar Corp., Inc., No. 19 Civ. 1545, 2021 WL 1177801, at *3 (S.D.N.Y. Mar. 29, 2021). While Plaintiffs argue that their claim is based on the right to rescind an unlawful contract, such a remedy is only available under Section 29(b) of the Exchange Act. See id. at *2.[3] The Complaint does not bring any claim under Section 29(b), however. Indeed, the Complaint does not cite Section 29(b).

---

[3] In order for the remedy of rescission to be applicable in cases in which a plaintiff alleges that a contract is unlawful based on a defendant's acting as an unregistered broker-dealer in violation of the Exchange Act, the contract seeking to be rescinded -- and not just the Exchange Act -- must require the defendant to register as a broker-dealer. EMA Fin., LLC v. Vystar Corp., Inc., No. 19 Civ. 1545, 2021 WL 1177801, at *3 (Mar. 29, 2021). Plaintiffs make no allegation that such is the case here.

Even if Plaintiffs did cite Section 29(b), the allegations in the Complaint are insufficient to give rise to a remedy of rescission. In order for the remedy of rescission to be applicable in cases in which a plaintiff alleges that a contract is unlawful based on the defendant's status as an unregistered broker-dealer in violation of the Exchange Act, the contract seeking to be rescinded -- and not just the Exchange Act -- must require the defendant to register as a broker-dealer. EMA Fin., LLC, 2021 WL 1177801, at *3. There are no allegations as to the substance of the Subscription Agreement entered into by Plaintiffs from which the Court could conclude that it required Defendants to register as a broker-dealer. Therefore, a right to rescind cannot resuscitate Count Three, and it must be dismissed.

## IV. ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion so deemed by the Court as filed by defendant Wengui Guo to dismiss the claims of plaintiffs Jianhu Yi and Quiju Jia ("Plaintiffs") against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 21) is **GRANTED** in part insofar as Counts Two and Three are dismissed without prejudice, and **DENIED** in part as to Count One; and it is further hereby

**ORDERED** that Plaintiffs either file an amended complaint or notify the Court that they wish to rest on the complaint as filed within twenty (20) days of the date of this Order.

**SO ORDERED.**

Dated:   New York, New York
         18 June 2021

_____
Victor Marrero
U.S.D.J.